Kirkpatrick, C. J.
This is an action brought by the plaintiffs as managers of a certain bank on Stow Creek, against the defendants, for not repairing their part of the said bank. But the managers have in all things, mistaken their authority. They have power by the act, to make an assessment on the owners of the marsh and cripple to be banked in, to collect the money, and therewith to make their bank. But, instead of doing so, they have divided to each owner a part of the bank itself, to be made, and upon the defendants’ refusing or neglecting to make or keep the part assigned to them, the managers have done it for them, and now bring this action to recover the money expended in that business. Row, however [*] just and reasonable this may be in substance, yet it is not the mode directed by the act. The defendants below are not obliged to repair. They are not liable for the expenses. Let the judgment be reversed.
PEsnsHrarasr, J.
The defendants in this court were the plaintiffs below, and brought their action as managers of the bank on the west branch of Stow Creek, in Salem county, against the defendants for not repairing a certain portion or district of said bank, which had been allotted to them, by persons appointed at a corporate meeting of the owners of the said bank meadow. The state of demand does not of itself set out any cause of action. Among the papers is sent up a copy of the law, incorporating the owners of the said bank meadow; but this does not aid the state of demand. A wrong course has been pursued; the law has not been followed; instead of assessing the expenses of *520 repairs on each owner of meadow, in proportion to the quantity of acres each held, as the law directed, they have, by a vote of the majority, divided the bank among the owners of the meadow, and assigned each his portion to repair. This could not be done under the law; a majority could not bind the individual members farther than the law authorized. There is yet another defect; two are sued, and yet no joint cause of action shown. It is probable, that they jointly owned meadow; but this should have been set out. Therefore, I think that the judgment should be reversed.
Monell, J.
Of the same opinion.
Judgment reversed.